IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| Janyce LEWIS, Deborah COOPER, Clarissa FOLLEY, Harold FOLLEY, Earletta GLADDEN and Telambria TINSLEY, Individually and on behalf of all persons similarly situated and Charlottesville Public Housing Area Residents (PHAR) | ) ) ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) ) ) Case No.: 3:12cv00026 |
| CHARLOTTESVILLE REDEVELOPMENT & HOUSING AUTHORITY, | ) ) ) ) |
| CONSTANCE DUNN, in her official capacity As the Executive Director of the Charlottesville Redevelopment and Housing Authority | ) ) ) ) ) |
| **Defendants.** | ) |

## DRAFT SETTLEMENT AGREEMENT

The Parties, each having advice and representation of legal counsel and in exchange for sufficient and valuable consideration enter into this Settlement Agreement. This Agreement resolves all of the claims and causes of action that were asserted in this action or that arise from the facts alleged in the Second Amended Complaint subject to the terms and conditions set forth below.

1. **Plaintiffs**. Plaintiffs in this class action are tenants and former tenants of the Charlottesville Redevelopment and Housing Authority who are subject to the Housing Authority's July 2003 resolution on utility allowances. The Charlottesville Public Housing Association of Residents (PHAR) is also a plaintiff. Plaintiffs seek declaratory,

1

      injunctive and monetary relief for violations of the Brooke Amendment to the U.S. Housing Act of 1937 (42 U.S.C. § 1437 *et seq*.), the regulations of the Department of Housing and Urban Development, the Housing Authority's lease, and Resolution No. 2058, July 28, 2003, of the Housing Authority Board.

2. **Defendants**. Defendants in this case are the Charlottesville Redevelopment and Housing Authority and Constance Dunn, the Executive Director of the Charlottesville Redevelopment and Housing Authority.

3. **Scope**. This Settlement Agreement is entered into as a settlement of all claims for declaratory, injunctive and monetary relief as set forth in Plaintiffs' Second Amended Complaint, filed on December 13, 2012, as well as a settlement of all attorneys' fees and costs. The parties agree to the following terms.

**NOW, THEREFORE,** the undersigned Plaintiffs and the CRHA Defendants agree as follows:

## I.   BACKGROUND

4. Plaintiffs who are current and former tenants of the Charlottesville Redevelopment and Housing Authority (CRHA) filed this class action on June 7, 2012, challenging the CRHA's failure to provide adequate and documented electric utility allowances as required by the U.S. Housing Act of 1937 (Housing Act) and the regulations of the U.S. Department of Housing and Urban Development (HUD) (hereinafter Class Action).

5. The CRHA is a political subdivision of the Commonwealth of Virginia with the power to sue and be sued. The CRHA owns and operates the following developments which are the subject of the suit: Westhaven (106 units), South First Street (58 units), Riverside Avenue (16 units), Madison Avenue (18 units), Michie Drive (23 units), and scattered

sites, as public housing the funding is provided by the HUD under the Housing Act. Each of these housing developments is located in Charlottesville, Virginia.

6. The Parties desire to resolve, without further litigation all claims arising out of or relating in any way to Plaintiffs' Class Action and the Parties understand and agree that CRHA denies any and all allegations of wrongdoing which have arisen or may arise out of the circumstances resulting in this Class Action.

7. Plaintiffs' and CRHA understand and agree that neither the making of this Agreement nor anything contained herein shall, in any way, be construed or considered to be an admission by the CRHA of any wrongdoing or noncompliance with any federal, state, or local statute, public policy, tort law, contract law, common law, or of any other wrongdoing whatsoever;

8. The Housing Act mandates that public housing tenants residing in the CRHA units cannot be charged more than thirty percent (30%) of their adjusted monthly income for rent which includes allowances to cover reasonable consumption of utilities. *See* 42 U.S.C. § 1437 *et seq*. The Housing Act also allows the CRHA to establish a utility allowance program and establish surcharges for electric utility consumption in excess of the allowances. The class action challenges CRHA's electric utility allowance program and assessments of residents with a surcharge for excessive electric usage based on a 2003 study of utility rates, in effect from 2003 until May 31, 2013

9. The tenants contend that the 2003 study established utility allowances that resulted in large numbers of tenants being charged excess electric usage fees. Thus, many tenants have paid amounts for rent plus reasonable quantities of utilities that exceed the statutory

maximum of 30% of their adjusted monthly income as the resident contribution. The CRHA disagrees with the above contention.

10. The HUD regulations require the CRHA to promulgate criteria and procedures for adjusting utility allowances for tenants who are elderly, disabled, ill or otherwise have special needs for usage of electricity beyond their control. The CRHA has not promulgated such procedures. 24 C.F.R. § 965.508. The CRHA contends it had a HUD approved grievance procedure in place which allowed it to adequately deal with this matter.

11. In the 2003 CRHA Board Resolution No. 2058, CRHA promised to provide households with a $50 savings bond if they did not exceed their annual electrical consumption allowance. CRHA has never provided any qualifying household that incentive, but denies it has acted inappropriately in this matter. The tenants contend that their claims are based upon *inter alia* the terms of the CRHA's lease agreement, 42 U.S.C. §§ 1437a and d; 42 U.S.C. § 1983; 24 C.F.R §§ 965.502, 505, 506, 507 and 508; and 24 C.F.R. §§ 966.4 and 966.5. The CRHA denies these legal conclusions.

12. The CRHA denies any liability stemming from its imposition of excess electric utility consumption charges and/or any other claims subject to the Class Action.

13. ,The CRHA agrees to enter into this Settlement Agreement to avoid further expenses, additional delay, and the risk inherent in litigation and therefore in consideration for the settlement terms below, including the release of claims, the Parties agree as follows:

## II.     SETTLEMENT TERMS

14. **The settlement class shall be :**

> All current and former Charlottesville public housing residents since June 7, 2007 who were subject to CRHA's 2003 resolution regarding utility allowances.

**Prospective Relief for Tenants**

15. Prospective relief will begin on the day final approval is given, including any approval from the U.S. Department of Housing and Urban Development, and all appeal times have run.  If no appeal is filed from a final order in this case, then thirty days after entry of a final judgment approving this class settlement, the terms of this prospective relief shall take effect.

16. The CRHA electricity allowances will be based on the 2010 HUD calculator as compiled by 2rw (Attachment 1 to the Proposed Preliminary Order). These kilowatt/hour allowances will continue for a period of five years. The parties agree that the adoption of this study is pursuant to this Settlement Agreement, and therefore Plaintiffs subject to this Class Action agree to waive any notice and comment requirements under federal and/or state law in the interest of compromise and that CRHA's adoption of such a study shall be deemed to be lawful and valid for the term required under this Settlement Agreement. Plaintiffs agree to file no claims challenging the validity of the attached 2010 HUD Calculator Study during the five year term required under this Settlement Agreement.

17. The rate for electricity billed to tenants shall be $.074 per kilowatt hour exceeding the allowance.  This rate will continue for a period of five years.

18.     The tenants of each of the 251 units metered and actually charged for utilities shall receive a credit of $15.00 per month, to be applied for thirty-six (36) months. Such credits shall be applied at the tenant's discretion.

19.     Thereafter, the tenants of each of the 251 units metered and actually charged for utilities shall receive a credit of $5.00 per month to be applied for twenty-four (24) months.  Such credits shall be applied at the tenant's discretion.  This credit shall be placed on the account of the household assigned to each of the 251 units metered and actually charged for utilities, to be used for any purpose associated with the lease.

20. The CRHA shall implement an individual relief policy   for tenants who are elderly, disabled, ill, or otherwise have special needs for usage of electricity beyond their control. The proposed notice and policy is attached.  (Attachment A).   The Parties agree that the adoption of the proposed Notice and Policy is pursuant to this Settlement Agreement, and therefore Plaintiffs subject to this Class Action agree to waive any notice and comment required under Federal and/or State law in the interest of compromise and that CRHA's adoption of such Notice and Policy shall be deemed to be lawful and valid for the term required under this Settlement Agreement. Plaintiffs agree to file no claim challenging the validity of the Notice and Policy during the five year term required under this Settlement Agreement.

21. The CRHA shall notify tenants of the right to request relief from the imposition of utility surcharges upon implementation of this Agreement, upon their admission into the public housing program, at their initial lease execution and at their annual recertification appointments.  This notification shall be in writing and shall state the right to challenge the denial of any request for relief in accordance with the CRHA's grievance procedure.

**Retroactive relief for former and current tenants:**

22. On September 1, 2013 or as soon thereafter as the necessary approvals and appropriations have been obtained, which approvals and appropriations shall be sought with due diligence, defendants will deposit in an account at BB&T in the name of Legal Aid Justice Center – Client Trust, EIN 54-0884513, the total of $160,000.00.  This amount and the interest that accrues on it will be distributed as follows:

   a. $95,400.00 to be distributed to tenants who paid excess electricity consumption surcharges incurred between June 7, 2007 and May 31, 2013;

   b. $6,600.00 to be distributed to tenants who did not incur excess electric charges for one or more years between January 1, 2008 and December 31, 2012, and were eligible to receive the $50.00 savings bond;

   c. $6,000.00 for incentive awards of $1,000.00 to each of the class representatives for pursuing the claims, to cover the expenses incurred for attending meetings and hearings as well as personal time spent advancing the litigation, and the personal risk they took in speaking out for their rights;

   d. $50,000.00 for attorney's fees

   e. $2,000.00 for costs and administration of the settlement.

   If the Court requires changes in the method of distribution, it will not alter this agreement.

23. The CRHA has identified that (Total tenants) current and former CRHA tenants  paid excess electric utility consumption charges incurred between June 7, 2007 and May 31, 2013.

24. The total amount of excess utility consumption surcharges eligible for reimbursement is $288,717.24, (see Attachment 2 to the Proposed Preliminary Order).  Current and former CRHA

tenants eligible for reimbursement payments are identified by numbers in Attachment 2 to the Proposed Preliminary Order along with the amounts they are entitled to receive.

25. Defendant is not responsible for costs associated with the distribution of proceeds.

26. Class Counsel will be responsible for providing notice to all class members and distributing the settlement proceeds.

27. Within 10 days of the Court's preliminary approval of the Settlement and class notice, Class Counsel will mail notice to each of the class members explaining the terms of the Settlement Agreement (see Attachment 4 to the Proposed Preliminary Order). CRHA shall post a prescribed Notice of detailed information about the Settlement in a prominent location at each of the public housing sites which are subjects of this lawsuit.

**Final approval:**

28. This settlement is subject to approval by HUD.  If HUD does not approve, it must file an objection to the settlement within 30 days of the date signed or this requirement is waived.

29. At their expense, plaintiffs will prepare a draft motion for class certification and for final settlement which will include all mechanics for certification of the class and the distribution of settlement proceeds.  Plaintiffs will send that the motion to defendants for concurrence.

30. After Defendants and Plaintiffs have agreed on that motion, Plaintiffs will file it in the court, and Defendants will file a statement concurring in the motion.

31. The motion shall provide that the class counsel shall have a reasonable time in which to provide notice of this proposed settlement to all class members and then to seek final approval of the motion by the Court.

**If the Court does not approve class certification or the settlement agreement:**

32.     If the Court certifies any classes or enters any orders relating to Class Representatives and Class Counsel, such actions shall not be an adjudication of any fact or issue for any purpose other than for this Agreement.

33.     If the Court does not grant final approval of the Settlement, certification of the Settlement Class will be vacated, and the Parties will be returned to their positions *quo ante* with respect to the Action as if the Settlement had not been reached.  If Final Judgment is not achieved, any Court orders approving the certification of any class shall be void and vacated, and no person or entity shall use such orders.  In addition, no person or entity shall use or cite the facts of this Settlement, the seeking of the certification of any class under the Settlement, or that the Court preliminarily approved the certification of a settlement class, in any contested proceeding relating to the certification of any class.

**Release of Claims:**

34.     **Class Claims.** Upon Final Approval, Class Representatives, each Class Member who has not opted out of the Settlement under the terms of this Agreement, and any of their respective executors, representatives, heirs, successors, bankruptcy trustees, guardians, and all those who claim through them or who assert claims on their behalf, will be deemed to have completely released and forever discharged CRHA, its directors, officers, employees, and agents and Constance Dunn, and the Commonwealth of Virginia, Department of the Treasury, Division of Risk Management ("the Released Parties"), and each of them, from any claim, cause of action, or liability of every kind, based on the alleged violations of the Brooke Amendment to the U.S. Housing Act of 1937 (42 U.S.C. § 1437 *et seq*.) and/or any and all other claims raised in the Class Action.  The claims include  overcharging for excess

electric utilities, or any other comparable federal, state, or local law, statute, regulation, or common law, and all claims for monetary, equitable, declaratory, injunctive, or any other form of relief arising from those claims, whether known or unknown, under the law of this jurisdiction. The claims also include those resulting from or arising out of the claims raised in the Action, or claims which could have been raised in this Action based on the electricity allowances, rates, and incentives established in 2003.

35. **Bar to Future Suits.** Class Representatives and Class Members who do not opt out of the Settlement may not prosecute any legal proceeding against any Released Party with respect to the claims released.

36. **Settlement Effective.** This Settlement Agreement between the Plaintiffs and the Charlottesville Redevelopment and Housing Authority Defendants (CRHA) and Constance Dunn shall be effective upon approval of the Court.

37. **Dismissal of Litigation.** The Class Representatives, on behalf of themselves and the Class Members, consent to the dismissal of the Action with prejudice in accordance with the terms of the Agreement, following the approval of this agreement by the court and entry of the Final Judgment Order.

38. **Enforcement**. The Court shall retain jurisdiction to enforce the judgment, releases, and bar to suits contained in this Settlement. The Settlement may be pleaded as a complete defense to any proceeding subject to this section.

WE AGREE TO THIS:

_Janyce A. Lewis_, Plaintiff

_Deborah Cooper_, Plaintiff

_[signature]_, Plaintiff

10

_[signature]_, Plaintiff

_[signature: Ina M. Washington]_, Plaintiff, Representative for PHAR

_[signature: Clarissa Colley]_, Plaintiff

_[signature]_, Plaintiff

Legal Aid Justice Center

By: _[signature]_

Brenda Castañeda, VSB #72809
brenda@justice4all.org
John Conover, VSB # 17872
john@justice4all.org
Abigail Turner, VSB # 74437
abigail@justice4all.org
Alex Gulotta, VSB # 37097
alex@justice4all.org
LEGAL AID JUSTICE CENTER
1000 Preston Avenue, Suite A
Charlottesville, Va. 22903
PHONE 434-977-0553 x 103
FAX 434-977-0558

Thomas D. Domonoske
VSB #35434
Of Counsel LEGAL AID JUSTICE CENTER
461 Lee Avenue
Harrisonburg, VA 22802
540-442-7706
tomdomonoske@earthlink.net

*Counsel for Plaintiffs*

Charlottesville Redevelopment and Housing Authority

By: _[signature]_   Constance Dunn   Executive Director
Title: Chair

_(signature)_
James M. Bowling, Esq., VSB #14232
jmb@stlawva.com
Rhonda Quagliana, Esq., VSB #39522
rq@stlawva.com
St. John, Bowling, Lawrence & Quagliana, LLP
416 Park Street
Charlottesville, Va. 22902
PHONE 434-296-7138
FAX 434-296-1301
*Counsel for Defendants*



Approved and entered this _____ day of _____, 2013.


_____

United States District Judge

ATTACHMENTS

    A. CRHA policy for relief for elderly and disabled tenants

    B. Proposed Preliminary Order for Class Certification and Settlement